UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jessica M. Brown,<br><br>                   Plaintiff,<br><br>     v.<br><br>Case #C-23-370497-1, et al.,<br><br>                   Defendants. | Case No. 2:23-cv-02087-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*.  (ECF No. 4).  Plaintiff also submitted a complaint.  (ECF No. 1-1).  Plaintiff has also moves for discovery documents.  (ECF No. 5).  Because the Court finds that Plaintiff's application is complete, it grants her application to proceed *in forma pauperis*.  The Court also screens Plaintiff's complaint and dismisses it without prejudice.  Finally, the Court denies Plaintiff's motion for discovery documents as premature and improperly directed to the Court.

**I.      *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 4).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

**II.     Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A. Plaintiff's allegations.

Plaintiff names five Defendants: (1) case #C-23-3704971; (2) probation #V24-0124; (3) probation officer Polslenauska; (3) "Department of Health and Safety"; and (5) "Officer Polslenauska Union." (ECF No. 1-1 at 2). Plaintiff brings three causes of action: (1) "abuse of power"; (2) "neglect/sexual abuse and misconduct"; and (3) "unprofessional and not respecting victims['] rights." (*Id.* at 3-5). Plaintiff has marked the box that her case arises under 28 U.S.C. § 1331, federal question jurisdiction. The Court dismisses Plaintiff's complaint for four reasons.

First, Plaintiff has named two case/probation numbers as Defendants. But she has provided no authority, and the Court is not aware of any, that allow a Plaintiff to name a case or probation number as a Defendant. Second, Plaintiff's does not list actionable claims. Plaintiff's claims, as alleged, do not identify the statutes, constitutional amendments, or legal theories under which they arise. Third, Plaintiff does not provide sufficient facts for the Court to liberally construe her claims as cognizable causes of action. Plaintiff alleges that Polslenauska "violated her rights," "enforced rules that were not court ordered," and that others within the probation office "congested [her] social settings." (ECF No. 1-1 at 2-5). Plaintiff appears to assert that these individuals' actions resulted in her being sexually assaulted twice. (*Id.* at 2). However, without additional facts, Plaintiff's allegations are too conclusory to state a claim upon which relief can be granted. Fourth, because Plaintiff does not identify any federal statute or Constitutional amendment under which her claims arise, Plaintiff does not provide a basis for jurisdiction under the federal question statute, 28 U.S.C. § 1331. As outlined above, for the Court to have jurisdiction over Plaintiff's claims, she must demonstrate that the Court has either federal

question or diversity jurisdiction. For these four reasons, the Court dismisses Plaintiff's complaint without prejudice and with leave to amend.

### III. Plaintiff's motion for documents.

Plaintiff's motion requests the Court to "summon[s]" certain documents to aid in Plaintiff's case. (ECF No. 5). However, because the Court has dismissed Plaintiff's complaint without prejudice and with leave to amend, there is no operative complaint in this action and no Defendants have been served. As a result, discovery has not begun and Plaintiff's motion is premature. Additionally, when discovery does begin, Plaintiff's requests for documents must either be directed at the parties in the litigation or third parties, not the Court. *See* Fed. R. Civ. P. 5(d)(A) (explaining that disclosures under Federal Rule of Civil Procedure 26(a)(1) or (2) and discovery requests must not be filed until they are used in the proceeding or the court orders filing). The Court thus denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **granted.** Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the **Nevada Department of Corrections** will forward payments from the account of Jessica M. Brown, #1175563 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **April 10, 2024** to file an amended complaint to the extent she believes she can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order may result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for documents (ECF No. 5) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: March 11, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE